IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Canzater, ) | C/A No. 0:14-3773-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| DHO E. Bittinger; Jerome Armstrong; Dennis ) | |
| R. Patterson; Warden Roberts; Associate ) | |
| Warden Stonebreaker; Major Kevin Ford; P. ) | |
| Hough, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The plaintiff, Jerry Canzater ("Plaintiff"), a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Kershaw Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.    **Factual and Procedural Background**

The Complaint alleges that Plaintiff was charged with an "809" disciplinary infraction on July 24, 2014, and placed into segregated confinement for the offense on July 30, 2014. (ECF No. 1 at 3.) However, Plaintiff asserts that he did not receive a disciplinary hearing within twenty-one days as required by "SCDC Policy OP-22.14." (Id.) Instead, the Complaint claims that Defendant Dennis R. Patterson violated the prison's policy by belatedly approving a disciplinary hearing extension. (Id. at 4.) Plaintiff alleges that he was not informed of the extension until August 28, 2014, the day before his disciplinary hearing. (Id. at 3.) Plaintiff claims that Defendant DHO

Bittinger, the disciplinary hearing officer, was biased and found Plaintiff guilty on August 29, 2014, when the charge allegedly should have been dismissed. (Id. at 3, 5.) The Complaint also asserts that Defendant Jerome Armstrong, Plaintiff's counsel substitute, failed to make arguments on Plaintiff's behalf at the disciplinary hearing. (Id. at 4.) Defendants Warden Roberts, Associate Warden Stonebreaker and Major Kevin Ford allegedly failed to respond to Plaintiff's "requests to staff" associated with the issue and Defendant P. Hough allegedly failed to process Plaintiff's grievances concerning the disciplinary proceedings or timely provide Plaintiff with an audio recording of the hearing. (Id. at 5-7.) Plaintiff, who indicates that he lost good conduct time as a result of the disciplinary conviction, seeks damages and injunctive relief.[1] (Id. at 6, 9.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[1] Plaintiff seeks return of his earned good conduct time credits. However such relief is not available in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    **B.**    **Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

    **1.**    **Disciplinary Process Claims**

Plaintiff alleges a denial of due process associated with a disciplinary hearing and conviction. Disciplinary proceedings which implicate a protected liberty interest demand due process. See Wolff v. McDonnell, 418 U.S. 539 (1974). In Wolff, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and



impartial tribunal.  Wolff, 418 U.S. at 563-67.  To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of life, liberty, or property by governmental action.  Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997).  In this case, Plaintiff alleges the loss of good conduct time, which implicates a protected liberty interest.

However, a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In Edwards v. Balisok, 520 U.S. 641 (1997), the Court extended this holding to a prisoner's claim for damages regarding loss of good time credits.  Id. at 648 (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983").  While Heck does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, see Muhammad v. Close, 540 U.S. 749, 751 (2004), in situations where the administrative action affects credits toward release based on good time served, Heck bars the § 1983 claim.  In the present action, Plaintiff provides no facts to demonstrate that his institutional conviction, resulting in the loss of earned good conduct time credit, has been invalidated.  Therefore, Plaintiff's due process claim is

barred by the holdings of Heck and Edwards. As such, Plaintiff's due process claims associated with his disciplinary hearing and conviction are subject to summary dismissal.[3]

### 2. Grievance Process Claims

The Complaint also alleges a denial of due process associated with the defendants' failure to process Plaintiff's grievances. However, a prisoner has no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Daye v. Rubenstein, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. Mar. 17, 2011); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Because the failure to process Plaintiff's grievances does not state a cognizable claim under § 1983, the Complaint's due process allegations associated with the grievance system are subject to summary dismissal.

## III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 15, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] To the extent Plaintiff complains that the defendants improperly extended his disciplinary hearing in violation of prison policy, the court observes that a violation of prison policies or procedures does not amount to a constitutional violation. Westbrook v. Bazzle, C/A No. 9:08-3926-PMD, 2010 WL 844594, at *9 (D.S.C. Mar. 4, 2010) (collecting cases); see also Guerra v. Atkinson, C/A No. 4:13-2062-MGL, 2014 WL 1400808, at *7 (D.S.C. Apr. 10, 2014) (adopting report and recommendation).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).