IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jerry Canzater, ) | Civil Action No.: 0:14-cv-3773-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DHO E. Bittinger; Jerome ) Armstrong; Dennis R. Patterson; ) Warden Roberts; Associate Warden ) Stonebreaker; Major Kevin Ford; ) and P. Hough, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jerry Canzater, ("Plaintiff"), a state prisoner proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on September 25, 2014. *See* Compl., ECF No. 1. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett.[1] *See* R & R, ECF No. 10. In the R & R, the Magistrate Judge recommends that the Complaint be summarily dismissed without prejudice and without service of process. *See id.* at 6. Plaintiff timely filed a objections to the R & R on October 21, 2014. *See* Pl.'s Objs., ECF No. 12.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION[2]

In the R & R, the Magistrate Judge noted that the primary relief sought in Plaintiff's complaint is the return of good time credits that he earned during his incarceration and lost as a result of the disciplinary hearing. As the Magistrate Judge explained, however, this relief is not available in a § 1983 suit. *See* ECF No. 2 at 4–5. While the loss of good time credits implicates a protected liberty interest, Plaintiff's claim is not cognizable under § 1983 because it would implicitly question the validity of the conviction or the duration of Plaintiff's sentence. *See id.*

---

[2] The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's R & R. *See* ECF No. 10 at 1–2. Briefly stated, Plaintiff's complaint makes various allegations regarding a disciplinary infraction he incurred while in custody and the resulting hearing where he was purportedly convicted, resulting in a loss of good time credits. Plaintiff also makes various allegations regarding the prison grievance system.

Accordingly, the Magistrate Judge recommended that Plaintiff's claim be dismissed as he has provided no facts indicating that his institutional conviction has been invalidated. *See* ECF No. 10 at 5. The Magistrate Judge then determined that Plaintiff's claim for denial of due process associated with Defendants' failure to process Plaintiff's grievances should also be dismissed, as a prisoner has no constitutional right to a grievance procedure. *See id.* at 6.

Plaintiff timely filed objections. In his objections, Plaintiff reiterates that he believes he did not receive a hearing before a fair and impartial tribunal for his disciplinary infraction. See ECF No. 12 at 1. Plaintiff also reiterates that he was deprived of life and liberty due to the prison's failure to follow South Carolina Department of Corrections Policy. *See id.* Finally, he claims that he will "prove that the conviction was invalid" by showing that under SCDC policy the disciplinary charge should have been dismissed. *See id.*

Plaintiff did not object to the Magistrate Judge's analysis regarding his prison grievance procedure claim. Accordingly, finding no clear error the Court adopts the Magistrate Judge's analysis as its own and finds that claim should be dismissed. Moreover, the Court agrees with the Magistrate Judge that Plaintiff's due process claim regarding the disciplinary conviction and loss of good time credits is not cognizable in a § 1983 suit. As the Magistrate Judge correctly noted, in situations where administrative action affects credits toward release based on good time served, *Heck* bars a § 1983 claim. *See Pierce v. Freeman*, 121 F.3d 699, 1997 WL 467533, at *2 (4th Cir. 1997) (unpublished table decision) ("[U]nder the Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), a prisoner seeking the restoration of good time credits in federal court may only do so by way of writ of habeas corpus. . . . [Moreover, r]ecently, the Court held that *Heck* extends to prisoner claims for damages stemming from a loss of good time credits allegedly

resulting from the state's use of constitutionally invalid procedures." (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997))).  Accordingly, this claim should also be dismissed.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, the R & R, Plaintiff's objections to the R & R, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED**, *without prejudice* and without service of process.

**IT IS SO ORDERED.**

      s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 7, 2015